UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

R.Y., a minor by and through his parents, VICTOR YOST and JODI YOST,

    Plaintiff,

v.

VISALIA UNIFIED SCHOOL DISTRICT and CALIFORNIA DEPARTMENT OF EDUCATION,

    Defendants.

No. 2:06-cv-1791-MCE-DAD

ORDER

----oo0oo----

In this action, Plaintiff appeals from a decision rendered by Defendant California Department of Education ("CDE"). In that decision, CDE determined Defendant Visalia Unified School District ("District") to be in compliance with the terms of a February 22, 2005 Settlement and Reimbursement Agreement as to the special education and designed instructional services to be provided to Plaintiff, a child diagnosed with autism, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq., and pendent state law provisions.

///

1

1  The instant action was filed on August 11, 2006 in the
2  Sacramento Division of this Court.¹  On September 28, 2006,
3  Plaintiff filed a Motion for Change of Intradistrict Venue,
4  pursuant to Local Rule 3-120(d, on grounds that the case should
5  have been filed in Fresno because it arose in Tulare County,
6  which is part of the Fresno Division of the  United States Court
7  for the Eastern District of California.  See Local Rule 3-120(b).
8  Pursuant to Rule 3-120(f), whenever the Court finds either on its
9  own motion, the motion of a party, or stipulation, that an action
10 has not been commenced in the proper court, it may transfer the
11 action to another venue within the District.
12  Plaintiff alleges he resides with his parents within Tulare
13 County and that the educational services in question should have
14 been provided in Tulare County by the District, which also is
15 located in Tulare County.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ////
22 ///
23 ///

---

25  ¹While Defendant CDE claims that the matter was initially
26 filed in the Fresno Division that same day, then transferred to
   Sacramento (See Def.'s Opp. To Pl.s' Request for Continuance,
27 1:24-28), there is no indication in the docket that the action
   was not initially filed in Sacramento.  In addition, court
28 records do not indicate that any other similar lawsuit was ever
   instituted in the Fresno Division.

1  While both Defendant CDE and the District have filed substantive
2  motions to be heard before this Court on October 16, 2006,[2]
3  Plaintiff filed a Request for Continuance on October 3, 2006, in
4  accordance with Local Rule 78-230(g), on grounds that Plaintiff's
5  Motion for Intradistrict Transfer should be heard in advance of
6  those motions so as to allow a ruling from this Court regarding
7  venue prior to addressing the merits.
8       In opposition to Plaintiff's continuance request, Defendant
9  CDE states that it "would be willing to stipulate to a transfer
10 back to Fresno" after the hearings scheduled for October 16, 2006
11 are conducted, regardless of whether the motions scheduled at
12 that time are granted.  (Def. CDE's Opp. to Request for
13 Continuance, 2:19-23).  Counsel for the District have not opposed
14 either the continuance request or its assertion that all matters
15 surrounding this action arose in Tulare County.
16      Under these circumstances, and on its own motion, the Court
17 finds that Plaintiff's case should have been instituted in
18 Fresno.  Therefore this action will be transferred to the Fresno
19 Division of this Court.  Plaintiff's Request for Continuance, as
20 well as its own Motion for Change of Intradistrict Venue, are
21 moot given that determination.  Plaintiff's Motion is accordingly
22 taken off calendar.
23 ///
24 ///

---

[2] The District has filed a Motion to Strike under Federal Rule of Civil Procedure 12(f) and CDE has filed a Motion to Dismiss on numerous grounds pursuant to Rule 12(b)(1), 12(b)(6), and 19.

In addition, given the propriety of transfer, the Court declines to consider Defendants' motions scheduled for October 16, 2006, as enumerated above, and consequently denies those motions, without prejudice, at this time pending transfer of the case to Fresno.[3]

    IT IS SO ORDERED.

DATED: October 12, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).